IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **JEANETTER GRAHAM, INDIVIDUALLY AND AS WRONGFUL DEATH BENEFICIARY OF ALBERT GRAHAM, DECEASED** | **PLAINTIFF** |
| **vs.** | **CAUSE NO. 2:13cv67-KS-MTP** |
| **ALEX HODGE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF JONES COUNTY; JONES COUNTY, MISSISSIPPI AND DEPUTY "JOHN DOE" IN HIS OFFICIAL CAPACITY** | **DEFENDANTS** |

_____

**MOTION FOR SUMMARY JUDGMENT**
_____

**NOW COME**, Defendants, Jones County, Mississippi and Sheriff Alex Hodge, in his individual and official capacities, by and through the undersigned counsel of record, and file this, their Motion for Summary Judgment pursuant to FED. R. CIV. P. 56, by stating as follows:

1. Plaintiff, Jeanetter Graham, Individually and as Wrongful Death Beneficiary of Albert Graham, Deceased, filed suit on April 4, 2013, and alleged a delay in medical treatment claim brought pursuant to the procedural vehicle of 42 U.S.C. § 1983 related to the death of Albert Graham on or about April 6, 2010, while a pretrial detainee in the Jones County Adult Detention Facility ("Jones County Jail").

2. Specifically, Plaintiff alleges a delay in medical care claim and claims that her decedent husband, Albert Graham, did not receive Coreg while incarcerated at the Jones County Jail from November 11, 2009, through March 11, 2010.

3. Plaintiff's Complaint does not identify any direct, personal interaction between Sheriff Alex Hodge, individually, and Albert Graham, nor is there any evidence of direct participation by Sheriff Hodge in the events which are the subject of the Complaint.

4. Although a supervisor may be liable even when not directly involved in an alleged constitutional violation, the misconduct of the subordinate must be "affirmatively linked" to the alleged action or inaction of the supervisor. *Rizzo v. Goode*, 423 U.S. 362, 374, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Plaintiff must show that there was (1) a "deliberately indifferent" policy of training that (2) was the "closely related" cause of the alleged violation of the Plaintiff's federally protected right. *City of Canton v. Harris*, 489 U.S. 378, 388-91, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

5. There have been no facts or tangible items of evidence produced during discovery that Sheriff Hodge, individually, acted in a manner inconsistent with the rights of Albert Graham. Instead, there is an absence of any legally sufficient, factual evidence to support Plaintiff's contention that Sheriff Hodge, in his individual capacity, in any way acted with deliberate indifference towards Mr. Graham or that any such alleged conduct proximately caused the harm of which Plaintiff complains. Accordingly, Sheriff Hodge is entitled to qualified immunity under the law. *Goodson v. City of Corpus Christi*, 202 F.3d 730 (5th Cir. 2000); *Gibson v. Rich*, 44 F.3d 274 (5th Cir. 1995).

6. The official capacity claims against Sheriff Hodge are akin to and the legal equivalent of naming a governmental entity itself as the Defendant. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985)). For this reason alone and to better organize the docket in this matter, Sheriff Hodge, in his official capacity, moves for

2

a dismissal without prejudice as the claims against him are duplicative of the claims against Jones County.

7.     "Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Robinson v. Saucier*, 2011 WL 5444166, at *2 (S.D. Miss. Nov. 9, 2011) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

8.     The health service policies and procedures, as well as the general policies, procedures of Jones County applicable to this litigation are attached hereto. There is no indication that any of these policies and procedures were the moving force behind any alleged constitutional violation herein.

9.     The detention officers are thoroughly trained with regards to the policies and procedures of the Jones County Jail, and it is uncontested that the training policies and procedures meet the minimum standards required by Mississippi law. Because Plaintiff cannot show that the legally minimum training was inadequate "to deal with the 'usual and recurring situations' faced by jailers and peace officers," any failure to train claim brought by Plaintiff must fail. *O'Neal v. City of San Antonio*, 344 Fed. Appx. 885, 888 (5th Cir. 2009) (quoting *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992)).

10.     The record before this Court is devoid of any proof that anyone with Jones County acted with deliberate indifference toward Albert Graham. *Tyson v. Jones Co.,* 2008 WL 4602788, at *3 (S.D. Miss Oct. 15, 2008) (citing *Hare*, 74 F.3d at 647-48).

11.     Additionally, Plaintiff cannot show that any deliberately indifferent by Jones County personnel, if any, resulted in "substantial harm" to Albert Graham. *Uzomba v. Univ. Health Sys., B.C.A.D.C.*, 558 F. App'x 474 (5th Cir. 2014) (quoting *Mendoza v. Lynaugh*, 989

3

F.2d 191, 195 (5th Cir. 1993)) (emphasis added).

12.  To the extent that Plaintiff has filed any state law claims against Defendants, such claims would be barred by the protections, limitations and immunities of the Mississippi Tort Claims Act, specifically § 11-46-9(1)(m) and the one-year statute of limitations pursuant to § 11-46-11.

13.  Any and all claims for punitive damages against Jones County should be dismissed with prejudice.

14.  For these reasons and all case law precedent and analysis in these Defendants' Memorandum of Authorities in support of this Motion, Jones County, Mississippi and Sheriff Alex Hodge, in his individual and official capacities, respectfully request that any and all § 1983 claims against them be dismissed with prejudice.

15.  In support of their Motion for Summary Judgment, Jones County, Mississippi and Sheriff Alex Hodge, in his individual and official capacities, rely upon and submit for the Court's consideration the following exhibits:

    a.  **Exhibit 1** - Complaint;

    b.  **Exhibit 2** - Excerpts of Inmate Records;

    c.  **Exhibit 3** - Excerpts of Ellisville Clinic Records;

    d.  **Exhibit 4** - Excerpts of Hattiesburg Clinic Records;

    e.  **Exhibit 5** - Excerpts of Walmart Pharmacy Records;

    f.  **Exhibit 6** - Excerpts of Jones County Jail Policies and Procedures;

    g.  **Exhibit 7** - Standardized Detention Officer Curriculum;

    h.  **Exhibit 8** - Excerpts of Personnel Files;

    i.  **Exhibit 9** - Deposition of Sheriff Alex Hodge;

  j.  **Exhibit 10**  -  Deposition of Captain David Hare;

  k.  **Exhibit 11**  -  Deposition of Captain Stacey Walls;

  l.  **Exhibit 12**  -  Deposition of Nurse Carol Johnston;

  m.  **Exhibit 13**  -  Deposition of Nathan Fayard;

  n.  **Exhibit 14**  -  Deposition of Jeanetter Graham;

  o.  **Exhibit 15**  -  Deposition of Terryl Ulmer;

  p.  **Exhibit 16**  -  Deposition of Wassim Mouannes, MD; and

  q.  **Exhibit 17**  -  Deposition of Dr. Malcolm Taylor (Expert).

**WHEREFORE, PREMISES CONSIDERED,** Defendants, Jones County, Mississippi and Sheriff Alex Hodge, in his individual and official capacities, pray that this Court grant their Motion for Summary Judgment and dismiss any and all of Plaintiff's claims against them with prejudice.

**RESPECTFULLY SUBMITTED,** this 4th day of August, 2014.

      **ALEX HODGE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF JONES COUNTY, MISSISSIPPI AND JONES COUNTY, MISSISSIPPI – DEFENDANTS**

    **BY:**  */s/ Jason E. Dare*
       **JASON E. DARE**

**OF COUNSEL:**

J. Lawson Hester (MSB No. 2394)
lhester@wyattfirm.com
Jason E. Dare (MSB No. 100973)
jdare@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
Post Office Box 16089
Jackson, Mississippi  39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

**CERTIFICATE OF SERVICE**

  I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent a true of and correct copy of the pleading to the following:

  Everett T. Sanders, Esq. (esanders@sanlaw.net)
  SANDERS LAW FIRM, PLLC
  126 South Commerce Street, Suite 103
  P. O. Box 565 (39121)
  Natchez, MS 39120

  **THIS,** the 4th day of August, 2014.

                 _/s/ Jason E. Dare_
                 **JASON E. DARE**