IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR - 4 2013
J. T. NOBLIN, CLERK
BY_____ DEPUTY

JEANETTER GRAHAM INDIVIDUALLY
AND AS WRONGFUL DEATH BENEFICIARY
OF ALBERT GRAHAM, DECEASED                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO. 2:13CV67 KS-MTP

ALEX HODGE, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
SHERIFF OF JONES COUNTY; JONES
COUNTY, MISSISSIPPI AND DEPUTY
"JOHN DOE" IN HIS OFFICIAL CAPACITY                           DEFENDANTS

### JURY DEMANDED
### COMPLAINT
### JURISDICTION

1. Plaintiff brings this action for declaratory relief, compensatory damages, and punitive damages pursuant to the 5th, 8th, and 14th Amendments to the United States Constitution, 28 U. S. C. §§ 1331, 1343, 2201, and 2202, and 42 U. S. C. §§ 1983 and 1988. The jurisdiction of this Court is invoked pursuant to the 5th, 8th, and 14th Amendments to the United States Constitution, 28 U. S. C. §§ 1331, 1343, 2201, and 2202, and 42 U. S. C. § 1983.

2. This Court has venue of this action pursuant to 28 U. S. C. Sec. 1391 because the cause of action arose in Jones County, Mississippi

### PARTIES

3. Plaintiff, Jeanetter Graham, is an adult residents citizen of Jones County, Mississippi whose address is 716 South Magnolia Street, Laurel, Mississippi and at all times herein was married

1

**EXHIBIT 1**

to Albert Graham, deceased.

4. Defendant Deputy "John Doe" (hereafter the "Deputy") is an employee of Jones County, was the Deputy on duty at the time that Plaintiff's decedent sustained his serious and life ending heart attack while in the care and custody of Defendant and is sued in his official capacity. The identity of said Deputy is currently unknown as well as identities of other employees but will be ascertained through discovery.

5. Defendant Alex Hodge, the Sheriff of Jones County, Mississippi, is sued in his individual and official capacities and at all times herein was the supervisor of the Deputy and Sheriff Department employees and they were acting herein under color of state law. The Sheriff can be served with the process of this at the Jones County Sheriff's Office, Laurel, Mississippi.

6. Defendant Jones County, Mississippi is a political subdivision of the state of Mississippi and the owner of the Jones County Adult Detention Center and has the responsibility under state law to keep inmates in its custody and to provide for the medical, and basic human needs of those inmates. Jones County, Mississippi can be served with the process of this Court through serves on Larry Ishee, Chancery Clerk and Clerk to the Board of Supervisors at Jones County Courthouse, Laurel, Mississippi.

## FACTS

7. Albert Graham was arrested on or about November 9, 2010 on a charge of Aggravated Assault and was placed in detention in the Jones County Adult Detention Center (JCADC) which is owned by Jones County. At all times relevant hereto, the Plaintiff's decedent, Albert Graham, was an inmate within the custody and control of the Sheriff of Jones County, Mississippi, Alex Hodge.

2

8. As a pre-trial arrestee, Plaintiff advised the Jones County Sheriff's Department of his pre-existing heart problem and the fact that he had suffered a previous heart attack.

9. On or about April 6, 2010, while in the care and custody of Defendants, Albert Graham suffered a serious and life threatening heart attack which required emergency medical attention. His condition was so obvious that a lay person could have easily recognized the need for immediate medical care.

10. The Deputy was on duty at the jail in the JCADC at the time of Plaintiff's heart attack.

11. The Deputy was immediately made aware that Plaintiff was suffering a heart attack when another person in Plaintiff's decedent's cell called to the Deputy and advised him that the Plaintiff needed emergency medical.

12. The Deputy thereafter, while acting under color of state law, breached his official duty to Plaintiff by waiting an unreasonable time prior to calling an ambulance for Plaintiff or offering him any other medical assistance.

13. As a direct and proximate or contributing result, Plaintiff's decedent suffered a massive heart attack which caused his death.

### COUNT I - FAILURE TO PROVIDE MEDICAL TREATMENT

14. Plaintiff incorporates by reference the allegations contained in paragraphs through 13.

15. Plaintiff on several occasions caused Albert Graham's prescribed medications to be brought to the JCADC, but Defendants and/or other employees refused to accept or administer the medications to the said Albert Graham.

3

16. Plaintiff on a number of occasions informed Defendants or other employees that Albert Graham had a serious heart condition and caused the Heart Care Center to provide a list of Albert Graham's medications along with his medical records to Defendants or other employees.

17. During his approximately five months of incarceration, on a number of occasions, Plaintiff's decedent Albert Graham informed Defendants and/or other employees that he was having chest pains, difficulty breathing, needed his medications and needed to see a physician in connection with his heart condition, Defendants refused his request.

18. In spite of his repeated requests to be taken to the Heart Care Center located in Laurel, Mississippi, Defendants refused his requests and instead, on only one occasion during his incarceration, took Albert Graham to a Nurse Practitioner located in Ellisville, Mississippi.

19. Plaintiff had informed Defendants and/or other employees on April 5, 2010 that Albert Graham was complaining of chest pains and shortness of breath, but Defendants did nothing.

20. On April 6, 2010, the date of his death, Albert Graham complained to Defendants and/or other employees all day that he was suffering from chest pains and shortness of breath and Defendants ignored him.

21. When Albert Graham suffered a heart attack and fell off his bed, another inmate attempted unsuccessfully to administer CPR to him, because Defendants and/or other employees did not respond in a timely manner.

22. Defendants and/or other employees delayed in providing medical assistance to Albert Graham and by the time they responded Albert Graham was dead.

23. The Defendants' and/or other employees actions were deliberately indifferent to

4

Plaintiff's decedent, Albert Graham's need for medical attention and thereby deprived him of his clearly established right to be free from punishment and to due process of law as guaranteed by the 8Th and Fourteenth Amendments to the United states Constitution.

23. The deprivation of medical care to Albert Graham was not an isolated occurrence because Defendants' had a policy, custom or practice of denying and/or depriving pre-trial detainees of proper medical care.

24. As a direct and proximate or contributing result of Defendants' actions or inactions, Plaintiff's decedent died.

## COUNT II-FAILURE OF DEFENDANTS, SHERIFF HODGE AND JONES COUNTY, MISSISSIPPI

25. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 24 as though fully set forth herein.

26. Defendants Alex Hodge and Jones County, Mississippi, knew or in the exercise of due diligence should have known that the conduct of the Deputy and other deputies within the Jones County Sheriff's Department was likely occur.

27. Defendants failed to take any preventative or remedial measures to guard against such conduct as previously described and set forth herein. Had Defendants taken such measures, Plaintiff's decedent would not have suffered the deprivation of his right the deprivation of his rights as previously described.

28. The failure of Defendants Alex Hodge and Jones County, Mississippi amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered

5

by Plaintiff's decedent, in that said Defendants failed to properly staff the JCADC, and in addition, failed to properly train, instruct and supervise the Deputy and/or other deputies within the Jones County Sheriff's Department.

## CAUSATION, INJURY AND DAMAGES

29. As a proximate or contributing result of the action and inactions of the defendants, as mentioned above, jointly and severely, Plaintiff and her decedent suffered physical pain, emotional distress, embarrassment and humiliation, loss consortium, lost income, as a result of the death of Albert Graham.

## JURY DEMANDED

30. Plaintiff demands a trial by jury pursuant Fed. R. Civ. P. 38.

WHEREFORE, PREMISES CONSIDERED, plaintiff demands judgment of and from the defendants, jointly and severely, in such amount is fair and reasonable, for interest thereon as allowed by law, for Plaintiff's attorneys fees and costs incurred herein, and f or such other and further relief as the Court deems just and proper.

This the 4 day of April, 2013.

Respectfully submitted,
**JEANETTE GRAHAM**

*/s/ Everett T. Sanders/*
**EVERETT T. SANDERS, ESQ., MSB # 6443**
**SANDERS LAW FIRM PLLC**
**POST OFFICE BOX 565**
**NATCHEZ, MS 39121**
**TELEPHONE: (601) 445-5570**
**FACSIMILE: (601) 445-0777**
E-MAIL: esanders@sanlaw.net

6